UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DAVID KILLEBREW,<br><br>Plaintiff,<br><br>v.<br><br>GARY D. MCKIDDY, *et al.*,<br><br>Defendants. | Case No. 26-cv-10373<br>Honorable Brandy R. McMillion<br>Magistrate Judge Elizabeth A. Stafford |

## ORDER ADJOURNING SCHEDULING CONFERENCE AND STRIKING PLAINTIFF'S FILINGS
## (ECF NOS. 16, 17)

Plaintiff David Killebrew, proceeding pro se, brings this action under the Truth in Lending Act.  ECF No. 1.  The Honorable Brandy R. McMillion referred the case to the undersigned to resolve all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 8.

The Court held a scheduling conference on March 18, 2026.  That scheduling conference is **ADJOURNED** to permit Killebrew an opportunity to consult with the University of Detroit Mercy pro se legal assistance clinic. Killebrew has 30 days to contact the pro se clinic.  A new scheduling conference will be held on **April 21, 2026, at 11:00 a.m.**

Two of Killebrew's filings must also be stricken.  First, Killebrew moved to dismiss and vacate judgment.  ECF No. 16.  This motion is stricken because it is nonsensical.  Killebrew moves to dismiss his own case, arguing that he was not properly served under Federal Rule of Civil Procedure 4 and that defendants lack standing.  *Id.*  As the plaintiff, Killebrew need not be served.  *See* Fed. R. Civ. P. 4(b) ("A summons…must be issued for each *defendant* to be served." (emphasis added)).  Nor do defendants need to establish standing.  *See Roberts v. Progressive Preferred Ins. Co.*, 167 F.4th 955, 961 (6th Cir. 2026) ("[Plaintiff], as the party invoking federal jurisdiction, bears the burden of establishing standing.").  The motion is **STRICKEN** as patently frivolous.

Second, Killebrew filed a document entitled "supplemental position and corrections to joint status report."  ECF No. 17.  Federal Rule of Civil Procedure 7(a) authorizes parties to file various pleadings, limited to: a complaint; an answer to a complaint; an answer to a counterclaim; an answer to a crossclaim; a third-party complaint; an answer to a third-party complaint; or, if the court orders one, a reply to an answer.  Parties may also file motions that "state with particularity the grounds for seeking" a court order.  Fed. R. Civ. P. 7(b).  And the Court's local rules permit parties to file responses and replies to motions.  E.D. Mich. LR 7.1(d).  Because

2

Killebrew's supplemental filing is not a motion or other filing authorized under Rule 7 or the local rules, the Court **STRIKES** it.

The Court erroneously stated during the conference that Killebrew's amended complaint was unauthorized and would be stricken.  *See* ECF No. 15.  But under Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleading once as a matter of course" within 21 days after serving it or "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Defendants answered the complaint on February 25, 2026.  ECF No. 7.  Killebrew timely filed his amended complaint by March 17, 2026.  Defendants must thus answer the amended complaint.

The Court also **WARNS** Killebrew that he will face sanctions if he clogs the docket with more improper filings.  "Every paper filed with the Clerk of this court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources.  A part of the court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice."  *Moore v. Hillman*, No. 4:06-CV-43, 2006 WL 1313880, at *4 (W.D. Mich. May 12, 2006).

Killebrew's pro se status does not give him license "to clog the judicial machinery with meritless litigation, and abuse already overloaded court

3

dockets." *Bradley v. Wallrad*, No. 1:06 cv 246, 2006 WL 1133220, at * 1

n.2 (S.D. Ohio Apr. 27, 2006) (cleaned up).  If he continues to do so, the

sanctions that Killebrew may face include "(1) involuntary dismissal with

prejudice; (2) revoking the plaintiff's IFP status; and (3) enjoining the

plaintiff from filing lawsuits in this district without leave of court."  *Hardy v.*

*Whitaker*, __ F.R.D. ___, 2026 WL 575225, at *11 (E.D. Mich. Mar. 2,

2026).

The Court gave additional warnings to Killebrew during the

conference.  In summary, the Court informed Killebrew that it cannot offer

him legal advice.  If Killebrew uses generative artificial intelligence to draft

his filings, he must review all legal citations to ensure they are accurate.

Factitious citations will not be tolerated and will result in sanctions.  *See*

*Evans v. Robertson*, No. 24-cv-13435, 2025 WL 2737446, at *4-5 (E.D.

Mich. Sept. 25, 2025).  And any discovery requests must be confined to the

issues presented in this litigation and not any previous litigation.

Last, Killebrew must update his address of record.  In February 2026,

Killebrew was notified of his obligation under Local Rule 11.2 to notify the

Court of any changes to his address or other contact information.  ECF No.

5.  The Court also mailed to Killebrew's address of record a notice to

appear for the March 18 scheduling conference.  ECF No. 10.  That order

was returned to the Court as undeliverable and stated that the forwarding time had expired.  ECF No. 11.  During the conference, Killebrew confirmed that his address had changed.  **By April 1, 2026**, Killebrew must file written notice correcting his postal address.  Failure to do so will result in a recommendation to dismiss the case.  *See, e.g.*, *Boardman v. Coy*, No. 24-cv-10685, 2025 WL 3237632, at *2 (E.D. Mich. Oct. 22, 2025), adopted, 2025 WL 3232931 (E.D. Mich. Nov. 19, 2025).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: March 18, 2026

## **NOTICE TO PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 18, 2026.

<u>s/Caitlin Shrum</u>
CAITLIN SHRUM
Case Manager