UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DAVID KILLEBREW,<br><br>Plaintiff,<br><br>v.<br><br>GARY D. MICKIDDY, *et al.*,<br><br>Defendants. | Case No. 26-cv-10373<br>Honorable Brandy R. McMillion<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S EMERGENCY MOTION TO STAY FORECLOSURE PROCEEDINGS (ECF NO. 41)**

## I. Introduction

Plaintiff David Killebrew brings this action against Defendants Click N' Close, Inc., his mortgagor, and Gary D. McKiddy, a Click N' Close employee. ECF No. 15. The Honorable Brandy R. McMillion referred the case to the undersigned for all pretrial proceedings under 28 U.S.C. § 636(b)(1). ECF No. 8. Killebrew filed an emergency motion to stay a state-court foreclosure judgment and related foreclosure proceedings. ECF No. 41. Because Killebrew requests emergency relief, the Court addresses this motion without defendants' response. The Court **RECOMMENDS** that Killebrew's motion be **DENIED**.

## II. Analysis

This action concerns Killebrew's mortgage on his residence and Click N' Close's foreclosure proceedings in Wayne County Circuit Court (WCCC). ECF No. 15. Killebrew claims that defendants violated the Truth in Lending Act (TILA) by failing to make certain disclosures and by failing to recognize his rescission of the mortgage loan. *Id.*, PageID.55. He seeks to have his mortgage declared void, as well as statutory and actual damages. *Id.*, PageID.56.

In October 2025, the WCCC entered a default judgment of foreclosure on Killebrew's residence, and a sheriff's sale was held in February 2026. ECF No. 41, PageID.223; *see Click N' Close, Inc. v. Killebrew*, No. 25-005454-CH (WCCC). Killebrew filed several post-judgment motions for rehearing, stay, and relief from judgment, which the WCCC denied. ECF No. 41, PageID.223-224; ECF No. 41-1, PageID.227. Killebrew seeks a preliminary injunction to stay the WCCC's order denying post-judgment relief and to stay the foreclosure proceedings. ECF No. 41.

Killebrew's motion should be denied because he moves under Michigan's rules of appellate procedure rather than under the Federal Rules of Civil Procedure. *See id.*, PageID.223 (citing Mich. Ct. R. 7.209, 7.211). By applying the wrong standard, Killebrew has failed to address

whether he is likely to succeed on the merits of his claims. *See Tumblebus Inc. v. Cranmer*, 399 F.3d 754, 760 (6th Cir. 2005) (to determine whether an injunction is warranted, courts must consider: "(1) whether the plaintiff has a strong likelihood of success on the merits; (2) whether the plaintiff would suffer irreparable harm without the requested relief; (3) whether issuance of the preliminary injunction would substantially harm others; and (4) whether the requested relief would serve the public interest").

Killebrew's motion should also be denied under the Anti-Injunction Act, which states, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Act prevents federal courts from enjoining state court proceedings unless one of the three exceptions applies. *Martingale LLC v. City of Louisville*, 361 F.3d 297, 302 (6th Cir. 2004). Courts have held that the Anti-Injunction Act prevents injunctions enjoining foreclosure sales and state-court foreclosure proceedings. *See, e.g.*, *Smith v. Encore Credit Corp.*, 623 F. Supp. 2d 910, 918-19 (N.D. Ohio 2008); *Foster v. Argent Mortg. Co., L.L.C.*, No. 07-11250, 2007 WL 2109558, at *4 (E.D. Mich. July 23, 2007). And Killebrew cannot show that one of the exceptions applies here. *See In re Madera*,

No. 07-CV-1396, 2008 WL 447497, at *6-7 (E.D. Pa. Feb. 7, 2008) (holding that the Anti-Injunction Act prevented the court from entering a preliminary injunction enjoining a foreclosure when the plaintiff asserted a TILA claim).

## III. Conclusion

The Court thus **RECOMMENDS** that Killebrew's motion to stay the state-court foreclosure judgment and the foreclosure proceedings be **DENIED** (ECF No. 41).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: July 9, 2026

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections lack merit, it may rule without awaiting the response.

**CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 9, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager