UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID KILLEBREW,

                Plaintiff,

v.

GARY MCKIDDY, *et al.*,

                Defendants.

Case No. 26-cv-10373
Honorable Brandy R. McMillion
Magistrate Judge Elizabeth A. Stafford

---

**ORDER DENYING PLAINTIFF'S MOTIONS FOR IMMEDIATE
CONSIDERATION, TO WAIVE TRANSCRIPT REQUIREMENT, AND TO
STRIKE ERRONEOUSLY FILED DOCUMENT AND STRIKING
PLAINTIFF'S IMPROPER FILINGS
(ECF NOS. 42, 43, 45)**

---

Plaintiff David Killebrew brings this action against Defendants Click N'
Close, Inc., his mortgagor, and Gary D. McKiddy, a Click N' Close
employee.  ECF No. 15.  The Honorable Brandy R. McMillion referred the
case to the undersigned for all pretrial proceedings under 28 U.S.C.
§ 636(b)(1).  ECF No. 8.

Killebrew moves for immediate consideration of his emergency
motion to stay a state-court foreclosure judgment and related foreclosure
proceedings.  ECF No. 42.  The Court has entered a report and

recommendation to deny the motion to stay.  ECF No. 47.  Thus, the Court **DENIES** Killebrew's motion for immediate consideration as moot.

Killebrew also moves to waive the requirement under Mich. Ct. R. 7.209(A)(3) that a motion for a stay pending appeal filed in the Michigan Court of Appeals must include a copy of the trial court hearing transcript. ECF No. 43.  But the state-court procedural rules do not apply in federal court.  Killebrew's motion is **DENIED**.

Last, Killebrew moves to strike a document filed on June 30, 2026, titled either "01AmendedDelayedApplicationCure.pdf" or "File_1_ProSe_20260630_10_28_49_913.pdf."  ECF No. 45.  Killebrew explains that the document was filed in error and that it lacked the federal court case caption and case number.  *Id.*  The closest match is Killebrew's state-court application for leave to appeal and to cure filing.  ECF No. 36. But that document contains the federal court case caption and case number.  Because the Court lacks access to file names and cannot identify a document matching Killebrew's description, his motion to strike is **DENIED**.

Several of Killebrew's filings are improper.  Federal Rule of Civil Procedure 7(a) authorizes parties to file various pleadings, limited to: a complaint; an answer to a complaint; an answer to a counterclaim; an

answer to a crossclaim; a third-party complaint; an answer to a third-party complaint; or, if the court orders one, a reply to an answer.  Parties may also file motions that "state with particularity the grounds for seeking" a court order.  Fed. R. Civ. P. 7(b).  And the Court's local rules permit parties to file responses and replies after a motion has been filed.  E.D. Mich. LR 7.1(d).

Killebrew filed six documents seeking relief from the Michigan Court of Appeals.  ECF No. 36, PageID.208 (an "amended delayed application for leave to appeal and submits it to cure the deficiencies identified by the Clerk of the Court of Appeals"); ECF No. 37 (appendices "supporting the state appellate application"); ECF No. 38, PageID.215 (a "statement in response to the Clerk's…defect letter requesting a copy of the court reporter's certificate under MCR 7.204(C)(2) and MCR 7.205(B)(4)"); ECF No. 39 (motion to waive Court of Appeals fees); ECF Nos. 40, 44 (proof of service of documents filed before the Michigan Court of Appeals).  Killebrew does not claim that these documents bear any relevance to this federal action.  These documents were improperly filed before the wrong court, so the Court **STRIKES** them.  ECF No. 36; ECF No. 37; ECF No. 38; ECF No. 39; ECF No. 40; ECF No. 44.

The Court warned Killebrew about improper filings in March 2026. ECF No. 20.  It again **WARNS** Killebrew that he may face sanctions if he clogs the docket with improper filings.  "Every paper filed with the Clerk of this court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources.  A part of the court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice."  *Moore v. Hillman*, No. 4:06-CV-43, 2006 WL 1313880, at *4 (W.D. Mich. May 12, 2006).

Killebrew's pro se status does not give him license "to clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."  *Bradley v. Wallrad*, No. 1:06 cv 246, 2006 WL 1133220, at * 1 n.2 (S.D. Ohio Apr. 27, 2006) (cleaned up).  If Killebrew continues to do so, the sanctions that he may face include "(1) involuntary dismissal with prejudice; (2) revoking the plaintiff's IFP status; and (3) enjoining the plaintiff from filing lawsuits in this district without leave of court."  *Hardy v. Whitaker*, 351 F.R.D. 84, 100 (E.D. Mich. 2026).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: July 10, 2026

4

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 10, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
 Case Manager